IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHAN CARLOS PÁEZ CALDERÓN, *through next friend Leymary Josefina Mejía Montero*, <br> Petitioner, <br><br> v. <br><br> WARDEN, PRAIRIELAND DETENTION CENTER, <br> Respondent. | § § § § § § § § § § § | No. 3:26-cv-347-X-BT |

## NOTICE OF DEFICIENCY AND ORDER

Johan Carlos Páez Calderón—an alien detainee at the Prairieland Detention Center in Alvarado, Texas—filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 through his wife, Leymary Josefina Mejía Montero, acting as his next friend. *See generally* Pet. (ECF No. 3). But the Court does not assume or automatically grant "next friend" status; instead, the filer must (1) provide "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) establish that she is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and that she has "some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). If the filer fails to provide adequate reasons or explanation for granting next friend status, the court lacks jurisdiction to consider the petition. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (affirming dismissal where litigant did not explain necessity for the "next friend" device).

Montero claims that it is necessary for her to submit the habeas application as next friend because Calderón "does not have full, meaningful, or effective access to" the Court. Pet. at 4, ¶ 6. But proving inaccessibility is a high bar. Generally, it requires a showing that the petitioner is being held incommunicado or denied all access to legal resources. *See, e.g.*, *Pinkston v. Smith*, 2015 WL 7289501, at *3 (S.D. Miss. Nov. 17, 2015). And—other than conclusory declarations—Montero submits no evidence to support her claim that Calderón lacks access to the Court. Notably, Calderón purportedly signed a declaration himself stating that he could not access the Court. *See* Pet. at 6.

For these reasons, the Court **ORDERS within 20 days** of the date of this Order:

- Montero must file a response providing specific evidence and a detailed explanation as to why Calderón cannot prosecute this case on his own;

  or

- If Calderón prefers to pursue this action on his own behalf, he must sign and submit an amended habeas application.

FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b).

**SO ORDERED** on February 12, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE