UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHAN CARLOS PÁEZ CALDERÓN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0347-X-BT |
| | § | |
| WARDEN, PRAIRIELAND DETENTION CENTER, *et al.*, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Johan Carlos Páez Calderón filed an amended petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings.[1] For the following reasons, the Court **DENIES** Petitioner's amended habeas petition.[2]

## I. Background

Petitioner, a native and citizen of Venezuela, entered the United States without admission or parole in 2022.[3] Petitioner was apprehended, charged with being present in the United States without being admitted or paroled under 8 U.S.C. section 1182(a)(6)(A)(i), and placed into removal proceedings.[4] On January 28, 2026,

[1] Doc. 7.

[2] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of those circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested can no longer be effected).

[3] Doc. 15-1.

[4] *Id.*

Petitioner was taken into custody pending his removal proceedings under 8 U.S.C. section 1225(b)(2)(A).[5] On August 13, 2026, an immigration judge ordered Petitioner's removal.[6] Petitioner appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending.[7]

On March 13, 2026, following multiple notices of deficiency, Petitioner filed an amended petition for a writ of habeas corpus under 28 U.S.C. section 2241, which is the operative pleading.[8] He argues that his detention without a bond hearing under section 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause because it is arbitrary, punitive, and unrelated to a governmental interest justifying continued detention.[9] Petitioner also appears to complain about his conditions of confinement, including separation from family and inability to work or access counsel.[10] Respondents—the Warden of the Prairieland Detention Center, Immigration and Customs Enforcement (ICE), the Department of Homeland Security (DHS), and the ICE Dallas Field Office Director—argue that Petitioner is properly detained without a bond hearing under section 1225(b)(2)(A) and that this detention does not violate the Due Process Clause.[11]

---

[5] Doc. 7 at 4.

[6] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (accessed November 13, 2026) (search by A# and nationality).

[7] *Id.*

[8] Doc. 7; *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[9] Doc. 7 at 6.

[10] *Id.* at 7.

[11] Doc. 15.

## II. Legal Standard

To be entitled to a writ of habeas corpus under 28 U.S.C. section 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[12] The great writ is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands of fair procedure.[13] This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."[14] The petitioner has the burden to demonstrate that a constitutional violation has occurred.[15]

## III. Analysis

Petitioner claims his detention under 8 U.S.C. section 1225(b)(2)(A) is unlawful.[16] But binding Fifth Circuit precedent forecloses his claims.

Petitioner fails to show that his detention under section 1225(b)(2)(A) violates the Immigration and Nationality Act (INA). He is an applicant for admission under section 1225(a)(1) because he is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."[17] Accordingly, the INA requires the government to detain him without bond pending the conclusion of his removal

---

[12] 28 U.S.C. § 2241(c)(3).

[13] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

[14] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[15] *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

[16] Doc. 7 at 6–7.

[17] 8 U.S.C. § 1225(a)(1).

proceedings.[18] Thus, if Petitioner challenges his detention under the INA, such claim fails.

Petitioner's Due Process Clause claim fails as well. The Fifth Circuit recently issued its en banc opinion in *Rodriguez v. Vergara*, holding that detention without a bond hearing under section 1225(b)(2)(A) does not violate procedural or substantive due process, "[s]o long as an alien's detention pending removal has a definite termination point—removal or release."[19] Petitioner has not established that his detention lacks a definite termination point. Petitioner's removal proceedings are ongoing, and his detention under section 1225(b)(2)(A) will end upon the conclusion of those proceedings. Accordingly, Petitioner's Due Process Clause claim also fails.

Finally, if Petitioner alleges that his conditions of confinement are unlawful, such a claim is not cognizable in a habeas petition and must be presented in a civil rights action.[20] Petitioner may only the *fact* of his confinement in habeas.[21] Accordingly, Petitioner's conditions of confinement claim also fails.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Johan Carlos Páez Calderón's habeas petition. A separate judgment will issue.

---

[18] *Id.* § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention").

[19] __ F.4th __, No. 26-50183, 2026 WL 3181188, at *13–14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).

[20] *See Poree v. Collins*, 866 F.3d 235, 242–43 (5th Cir. 2017) ("Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement.").

[21] *See id.*

**IT IS SO ORDERED** this 16th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE